IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

BAMRUNG P CHUMPIA,      (

         Plaintiff,     (

vs.                (        No. 13-2131-JDT-cgc

STATE OF TENNESSEE, ET AL,   (

         Defendant.   (

---

REPORT AND RECOMMENDATION

---

On March 4, 2013, Plaintiff Bamrung P. Chumpia, a resident of Memphis, Tennessee[1],

filed a *pro se* complaint captioned "Complaint for Violation of Civil Rights Under 42 USC 1983,

42 USC 1985(3), 42 USC 1986, 42 USC 3601 through 3619, and Title VI of 2004 Seeking

Declaratory Judgment, Affirmative Default Judgment and Injunctive Relief", accompanied by a

motion seeking leave to proceed *in forma pauperis*. (Docket Entries ("D.E.") 1 & 2.)   In an order

issued on March 4, 2013, the Court granted leave to proceed *in forma pauperis*.   (D.E. # 3)

The allegations in the complaint are substantially identical to those contained in the

complaint Plaintiff filed in 12-cv-02658-JDT-dkv on July 24, 2012.   That documents is largely

incomprehensible. Plaintiff brings a case involving "massive criminal corruption of White Collar

Crime to be prosecuted by the government." (Id. at 2 (emphasis omitted).) Plaintiff avers that he is

entitled to be represented by the United States Attorney. (Id. at 3).

---

[1] As discussed in the Order of Dismissal (D.E. # 5) at foot note 1 in 12-02658, a *pro se* litigant can only represent his own interests and can only sign pleadings on his own behalf.   Therefore, this suit is properly docketed as brought only by Bamrung P. Chumpia.

In Count I, Plaintiff purports to set forth a "summary of suffering from 1992-2012." (Id. at 4.) From 1992 through 1996, Plaintiff allegedly "suffered criminally treasonable racial discrimination at Michigan State U. while paying them very expensive out-state tuition fees following by suffering extreme emotional inflict [sic] that compelled my wife to commit domestic violence and landed both of us in jail." (Id. at 5 (emphasis omitted).) In 2004 and 2005, "we faced repeated criminal judicial corruption in student loans defense, home insurance, and auto insurance case that left me three episodes of stroke." (Id. (emphasis omitted).) Plaintiff asserts that, from 2008 to 2010, "[o]n top of the living in the place where those who do not believe in god have to live above, we had to further suffer two consecutive criminal foreclosures on two of our properties that are 100 times worse than Enron White Collar Crime since both mortgages criminally conspired with the courts to rape and rob our properties." (Id. (emphasis omitted).) On August 31, 2011, "we learned that the bank withdrew our money for the IRS without any notice or consent from us plus legal fees for the IRS levy with the amount of $15,101.71." (Id.)

Count II appears to assert an unrelated claim against Tri Tran and Narisa Tran ("Narisa"), who are not listed as parties in the case caption, for breach of a verbal contract. (Id. at 6.) Narisa "allowed [Plaintiff] to contact, call, or mail her at her residence for judicial purposes." (Id.) "Tran's lawyer misled Tran [by] filing false protection order absolutely with no facts against me not to communicate with Tran by any means." (Id.) "For benefit in defending lawsuit, Tran's lawyer filed criminal contempt of court against [Plaintff] in Circuit Court for Shelby County, TN and misled Tran to report to Germantown police to arrest [Plaintiff] for aggravated stalking for just mailing and emailing judicial document to her residence." (Id.) "The criminal contempt of court and false protection order was dismissed and dissolved on May 9, 2012." (Id.) Plaintiff "was bailed and release on bond waiting for sentencing at criminal court for Shelby County, TN." (Id. at 7.)

In Count III, Plaintiff alleges that he "contacted the HUD, the FBI, the US Inspector General, and Vice President Joe Biden to investigate the White Collar crime but there is no relief." (Id.) Plaintiff purports to assert claims under the Federal Tort Claims Act "against all federal employees including law clerks both under Title VI of 2004, 42 USC 1985(3) and 1986" for breach of a duty to investigate and prosecute white-collar crime. (Id.)

Plaintiff seeks an order directing the Federal Bureau of Investigation to investigate the alleged white-collar crimes and public corruption on court, "completely forgive and cancel all my debts to any public and private entity including student loans for myself and two of my children," and money damages in the amount of $300 million. (Id. at 9.)

At Docket Entry 5 is a document captioned "Motion to Correct Substantive Errors, State Preemtive (sic) Claims, Affirmative Default, and Summary Judgment", consisting of 8 pages of additional argument and legal citations about grand jury nullification, preemptive (sic) claims, affirmative default, treason, Rule 55 of the Federal Rules of Civil Procedure, and restating the remedies requested in the Complaint. Plaintiff refers the court to filings in <u>Chumpia v. United States</u>, 12-cv-02658 which contains more than 250 pages of supporting documents. Because of the recommendation that this cause be dismissed for the reasons stated below, this motion is DENIED as moot.

The Court is required to screen *in forma pauperis* complaints and to dismiss any complaint, or any portion thereof, if the action─

(i)          is frivolous or malicious;

(ii)         fails to state a claim on which relief may be granted; or

(iii)        seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).

In assessing whether the complaint in this case states a claim on which relief may be granted, the Court applies the standards under Federal Rule of Civil Procedure 12(b)(6), as stated in Ashcroft v. Iqbal, 556 U.S. 662, 677-79 (2009), and in Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007). Hill v. Lappin, 630 F.3d 468, 470-71 (6th Cir. 2010). "Accepting all well-pleaded allegations in the complaint as true, the Court 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" Williams v. Curtin, 631 F.3d 380, 383 (6th Cir. 2011) (quoting Iqbal, 556 U.S. at 681) (alteration in original). "[P]leadings that . . . are no more than conclusions are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Iqbal, 556 U.S. at 679; *see also* Twombly, 550 U.S. at 555 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

"A complaint can be frivolous either factually or legally. Any complaint that is legally frivolous would *ipso facto* fail to state a claim upon which relief can be granted." Hill, 630 F.3d at 470 (citing Neitzke v. Williams, 490 U.S. 319, 325, 328-29 (1989)).

> Whether a complaint is factually frivolous under §§ 1915A(b)(1) and 1915(e)(2)(B)(i) is a separate issue from whether it fails to state a claim for relief. Statutes allowing a complaint to be dismissed as frivolous give "judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke, 490 U.S. at 327, 109 S. Ct. 1827 (interpreting 28 U.S.C. § 1915). Unlike a dismissal for failure to state a claim, where a judge must accept all factual allegations as true, Iqbal, 129 S. Ct. at 1949-50, a judge does not have to accept "fantastic or delusional" factual allegations as true in prisoner complaints that are reviewed for frivolousness. Neitzke, 490 U.S. at 327-28, 109 S. Ct. 1827.

Id. at 471.

"*Pro se* complaints are to be held to less stringent standards than formal pleadings drafted by lawyers, and should therefore be liberally construed." <u>Williams</u>, 631 F.3d at 383 (internal quotation marks omitted). *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. <u>Wells v. Brown</u>, 891 F.2d 591, 594 (6th Cir. 1989); *see also* <u>Brown v. Matauszak</u>, 415 F. App'x 608, 613 (6th Cir. 2011) ("[A] court cannot create a claim which [a plaintiff] has not spelled out in his pleading") (internal quotation marks omitted); <u>Payne v. Secretary of Treas.</u>, 73 F. App'x 836, 837 (6th Cir. 2003) (affirming *sua sponte* dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Payne's claim for her"); *cf.* <u>Pliler v. Ford</u>, 542 U.S. 225, 231 (2004) ("District judges have no obligation to act as counsel or paralegal to *pro se* litigants."); <u>Young Bok Song v. Gipson</u>, 423 F. App'x 506, 510 (6th Cir. 2011) ("[W]e decline to affirmatively require courts to ferret out the strongest cause of action on behalf of *pro se* litigants. Not only would that duty be overly burdensome, it would transform the courts from neutral arbiters of disputes into advocates for a particular party. While courts are properly charged with protecting the rights of all who come before it, that responsibility does not encompass advising litigants as to what legal theories they should pursue."), *cert. denied*, ___ U.S. ___, 132 S. Ct. 461 (2011).

Plaintiff's complaint does not comply with Fed. R. Civ. P. 8(a)(2), which requires "[a] pleading that states a claim for relief" to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." A complaint violates these provisions when it "is so verbose that the Court cannot identify with clarity the claim(s) of the pleader and adjudicate such claim(s) understandingly on the merits." Harrell v. Dirs. of Bur. of Narcotics & Dangerous Drugs, 70 F.R.D. 444, 446 (E.D. Tenn. 1975); see also Flayter v. Wis. Dep't of Corr., 16 F. App'x 507, 509 (7th Cir. 2001) (dismissing 116-page complaint pursuant to Rule 8(a)(2)); Vicom v. Harbridge Merch. Servs., Inc., 20 F.3d 771, 775-76 (7th Cir. 1994) (criticizing district court for declining to dismiss amended complaint with prejudice pursuant to Rule 8(a) and noting that "[a] complaint that is prolix and/or confusing makes it difficult for the defendant to file a responsive pleading and makes it difficult for the trial court to conduct orderly litigation); Plymale v. Freeman, No. 90-2202, 1991 WL 54882, at *1 (6th Cir. Apr. 12, 1991) (district court did not abuse its discretion in dismissing with prejudice "rambling" 119-page complaint containing nonsensical claims)

Plaintiff's complaint is incomprehensible. The filing cites numerous statutes and rules, but does not assert any coherent claim against any person or entity under any colorable legal theory. The Court is not obligated to sift through hundreds of pages of documents, many of which were written by Plaintiff, to construct Plaintiff's case for him.

Plaintiff alleges claims under 42 U.S.C. § 1983, which requires a plaintiff to allege two elements: (1) a deprivation of rights secured by the "Constitution and laws" of the United States (2) committed by a defendant acting under color of state law. Adickes v. S.H. Kress & Co., 398 U.S. 144, 150 (1970). Plaintiff cannot sue the United States[2] under § 1983 because it acts under color of federal law, not state law. Franklin v. Henderson, No. 00-4611, 2000 WL 861697, at *1 (6th Cir. June 20, 2001) ("The federal government and its officials are not subject to suit under 42

---

[2] Claims against the United States would also include any claims against "Secretary of the U.S. Department of Education, Secretary of U.S. Department of Revenue and IRS, Secretary of U.S. Department of Energy, Secretary of U.S. Department of Justice including the FBI and Inspector General, Senators of Michigan, Judicial Officers in Federal Courts including US Supreme Court, and Senator of Tennessee"

U.S.C. § 1983."); <u>Habtemariam v. Adrian</u>, No. 98-3112, 1999 WL 455326, at *2 (6th Cir. June 23, 1999); <u>Johnson v. Ionia United States Postal Serv.</u>, Nos. 90-1078, 90-1313, 1990 WL 115930, at *1 (6th Cir. Aug. 10, 1990); <u>Walber v. United States Dep't of Housing & Urban Dev.</u>, No. 88-1984, 1990 WL 19665, at *2 (6th Cir. Mar. 5, 1990).  With regard to §1983 claims against the remaining defendants, it is recommended that those claims would fail as Plaintiff has not alleged with any degree of specificity what deprivation of what rights were allegedly committed by what defendant.

It is further recommended that the complaint also does not assert a valid claim under 42 U.S.C. § 1985(3), which prohibits conspiracies "for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws or of equal privileges and immunities under the laws."

> [T]o state a cause of action under § 1985, the plaintiff must allege that the defendants (1) conspired together, (2) for the purpose of depriving, directly or indirectly, a person or class of persons of the equal protection of the laws, (3) and committed an act in furtherance of the conspiracy, (4) which caused injury to person or property, or a deprivation of any right or privilege of a citizen of the United States, and (5) and that the conspiracy was motivated by racial, or other class-based, invidiously discriminatory animus.

<u>Bass v. Robinson</u>, 167 F.3d 1041, 1050 (6th Cir. 1999); see also <u>Center for Bio-Ethical Reform, Inc. v. City of Springboro</u>, 477 F.3d 807, 832 (6th Cir. 2007). Except for claims arising from Plaintiff's attendance at Michigan State University in the 1990's, the complaint does not allege that the matters about which Plaintiff complains were motivated by racial, or other class-based, invidiously discriminatory animus.

It is further recommended that Plaintiff's complaint does not adequately allege a civil conspiracy. As the Sixth Circuit Court of Appeals has explained:

> In <u>Spadafore v. Gardner</u>, 330 F.3d 849 (6th Cir. 2003), we stated the standard governing a § 1983 conspiracy claim:

> A civil conspiracy is an agreement between two or more persons to injure another by unlawful action. Express agreement among all the conspirators is not necessary to find the existence of a civil conspiracy. Each conspirator need not have known all of the details of the illegal plan or all of the participants involved. All that must be shown is that there was a single plan, that the alleged coconspirator shared in the general conspiratorial objective, and that an overt act was committed in furtherance of the conspiracy that caused injury to the complainant.

> 330 F.3d at 854 (quoting Hooks v. Hooks, 771 F.2d 935, 943–44 (6th Cir. 1985)). Although circumstantial evidence may prove a conspiracy, "[i]t is well-settled that conspiracy claims must be pled with some degree of specificity and that vague and conclusory allegations unsupported by material facts will not be sufficient to state such a claim under § 1983." Id. (quoting Gutierrez v. Lynch, 826 F.2d 1534, 1538 (6th Cir. 1987)); accord Farhat v. Jopke, 370 F.3d 580, 599 (6th Cir. 2004). That pleading standard is "relatively strict." Fieger v. Cox, 524 F.3d 770, 776 (6th Cir. 2008).

Heyne v. Metro. Nashville Pub. Sch., 655 F.3d 556, 563 (6th Cir. 2011). An assertion, unaccompanied by supporting facts, that parties conspired with each other is a legal conclusion that a court need not accept as true. Id. at 563-64 (collecting cases). Allegations of "a plan or agreement to violate [the plaintiff's] constitutional rights" is required. Id. at 564. Plaintiff's complaint names a laundry list of "parties" – Michigan State University, Secretary of the U.S. Department of Education, Secretary of U.S. Department of Revenue and IRS, Secretary of U.S. Department of Energy, Secretary of U.S. Department of Justice including the FBI and Inspector General, Senators of Michigan, Governor of State of Michigan, involved Judicial Officers in State of Tennessee, involved Judicial Officers in Federal Courts including US Supreme Court, Governor of State of Tennessee and Senator of Tennessee - without describing, in even general terms, what each is alleged to have done.

Because Plaintiff has no viable claim under 42 U.S.C. § 1985, it is recommended that he also has no claim under 42 U.S.C. § 1986. "Section 1986 establishes a cause of action against anyone, who has knowledge of a conspiracy under § 1985, and 'having power to prevent or aid in preventing the commission of the same, neglects or refuses so to do.'" Radvansky v. City of Olmstead Falls, 395 F.3d 291, 314 (6th Cir. 2005). Because the complaint does not state a claim

under § 1985, it necessarily follows that there can be no liability under § 1986. Id. at 315; Bass, 167 F.3d at 1051 n.5.

Many, if not most, of Plaintiff's claims have been litigated in prior suits. Plaintiff filed a suit in this district in 2004 against the United States, Michigan State University, and other defendants concerning his experiences at Michigan State University and his inability to pay his student loans. Chumpia v. United States, No. 04-2786-Ml/P (W.D. Tenn. Filed Sept. 29, 2004). United States District Judge Jon Phipps McCalla dismissed the case *sua sponte* on February 28, 2005, finding that "Plaintiff's claims against MSU were previously litigated in the two cases filed in the United States District Court for the Western District of Michigan" and were barred by *res judicata* and *collateral estoppel*. Id. (order of dismissal at 8-10, docket entry 8). The instant complaint was filed two months after these same claims were dismissed in case number 12-cv-02658. (Order of Dismissal, D.E. # 5, January 7, 2013).

For the foregoing reasons, it is RECOMMENDED that the Court DISMISS the action, in its entirety, for failure to state a claim on which relief may be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). It is FURTHER RECOMMENDED that the "Ex Parte Permanent Injunction in Extreme Emergency that must be ruled on in 24 Hours" filed at D.E. # 7 be DENIED as moot.


The Court must also consider whether Plaintiff should be allowed to appeal this decision *in forma pauperis*, should she seek to do so. The United States Court of Appeals for the Sixth Circuit requires that all district courts in the circuit determine, in all cases where the appellant seeks to proceed *in forma pauperis*, whether the appeal would be frivolous. Twenty-eight U.S.C. § 1915(a)(3) provides that "[a]n appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith."

The good faith standard is an objective one. Coppedge v. United States, 369 U.S. 438, 445 (1962). The test under 28 U.S.C. § 1915(a) for whether an appeal is taken in good faith is

whether the litigant seeks appellate review of any issue that is not frivolous. Id. It would be inconsistent for a district court to determine that a complaint should be dismissed prior to service on the defendants, but has sufficient merit to support an appeal *in forma pauperis*. *See* Williams v. Kullman, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The same considerations that lead the Court to recommend dismissal of this case for failure to state a claim also compel the conclusion that an appeal would not be taken in good faith. It is therefore RECOMMENDED that the Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by Plaintiff would not be taken in good faith and Plaintiff may not proceed on appeal *in forma pauperis*.

Signed this 31st day of March, 2014.

s/ Charmiane G. Claxton
CHARMIANE G. CLAXTON
UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT. 28 U.S.C. § 636(b)(1)(C). FAILURE TO FILE SAID OBJECTIONS OR EXCEPTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**